MERCHANTS' EXCHANGE OF DALLAS v. P. J. BUTLER.

(No. 5285.)

APPEAL from Dallas County.    Opinion by HURT, J.

ALEXANDER WHITE, counsel for appellant.

U. F. SHORT, counsel for appellee.

§ 309. *Contract for construction of a building; interpretation of a stipulation in; case stated.* Appellee sued appellant upon a *quantum meruit* for work and labor done and material furnished in the construction of a building. The petition alleged that the building was erected under a written contract, according to plan and specifications furnished by an architect and made a part of said contract, and that said contract was fully per-

formed by appellant and paid for by appellee; that the material and labor sued for was not included in said contract, but was supplied and done in part, in changing a portion of the work which had been completed under the contract, and the remainder was extra work and material not embraced in said contract. The contract under which the building was erected contained this clause: "The said second party reserves the right to make any minor changes in the said plans and specifications during the progress of the work as to them may seem fit, the cost of said changes to be added to, or deducted from, the consideration before named in *pro rata* with the amount of said contract. It being fully understood that the making of any such changes shall in no wise make null any portion of this contract, and that the amount to be added to, or deducted from, this contract, for any such changes or alterations, shall be agreed upon at the time, and the same made note of and signed by both parties to this agreement and attached to this contract." This contract is set out in the petition. It is alleged in the petition that the architect superintended the construction of the building for appellant, and had authority to make any changes he thought proper, he being invested with absolute discretion in the premises. Appellant answered by general and special demurrer and general denial, and also pleaded performance on its part of said contract, admitting that the work and material sued for were not covered by the written contract, but denied liability therefor, for the reason that the clause in the contract, above quoted, was not complied with. The demurrers were overruled and judgment was rendered for appellee. *Held:* The petition alleges the items constituting the account have been furnished and performed at appellants' special instance and request, and was a good petition when considered upon general demurrer. The special exception was in effect a plea in avoidance of liability because of non-compliance with the aforesaid stipulation in said contract. We are of the opinion that said stipulation in

said contract was inserted for the benefit and protection of appellant, and that the object sought to be effected thereby was that contracts for such work, etc., as is sued for, should be evidenced in the clearest and most unequivocal manner. Clearly that portion of the contract which reserves to appellant the right to order changes was a reservation for its benefit. In immediate context therewith, and while the contracting minds may be supposed to have had in view the same purpose, is found the provision as to the manner of evidencing such changes and the cost of the same. Under accepted rules of construction in such cases, the provision which is clear may be looked to in determining the true meaning and purpose of another which requires construction to arrive at the intent of the parties. The proposition that said stipulation is one for the benefit of appellant derives additional support from a consideration of what would have been the rights of the parties respectively, in the absence of such a provision. In such case the contractor would have had a right to compensation for all authorized extra work, with his lien therefor. The contract, plans and specifications would have furnished a guide in determining whether or not the work done was in excess of the contract, and the only question upon which it would have been necessary for him to have adduced evidence would have been his authority to make the changes and the value of the work. It would have been competent for him to have shown both by parol testimony, and hence the provision in question gave *him* no additional protection. With appellant the case is different. It was having work done of a character of which it had no special knowledge, and about which appellee might, if he so desired, practice imposition of the kind guarded against by said provision, notwithstanding the supervision of an architect, who, however skilled in designing and drafting, might not have the special knowledge of a practical mechanic. With reason, then, might appellant ask the insertion in the contract of said clause, which

would place it upon a footing of equal vantage with appellee, by making the cost of changes desired the subject of previous agreement evidenced by writing. Said stipulation in said contract excluded the items sued for by appellee, unless appellant has waived the right to avail itself of the benefits thereby secured.

**§ 310.** *Waiver of right secured by contract; facts held sufficient to show such waiver.* Appellant's right to insist upon said stipulation, like other rights secured to parties for their protection, might be waived by it, by its agreement either express or implied. [Phillips on Liens, 117 *et seq.*] The evidence of such waiver in this case is the exercise of the reserved right to order alterations made in the building, without insisting upon or even suggesting a compliance with said stipulation in other respects. Waiver of a secured right is a question of fact, to be gathered from the evidence and the nature of the transaction. When the right is once shown to exist, it rests with the party alleging a waiver of it to show satisfactorily its abandonment. When such right is once voluntarily waived, it is, with reference to the particular work, gone, the same as if it had never existed. [Id. 505.] Appellant had the right to, and did, order the changes and alterations in the building to be made, and appellee made the same as directed at extra expense to him. Appellant did not demand that the cost of such work, etc., should be agreed upon and evidenced by writing at time of ordering it done, or while it was being done, or at any other time, but accepted the work when done and enjoys the benefit of it. These facts, in our opinion, establish an implied waiver by appellant of the benefits secured to it by said stipulation in the contract. The opinion cites and discusses Wood v. Fort Wayne, 119 U. S. Sup. Ct. 312; Miller v. McCaffrey, 9 Pa. 245; Abbott v. Gatch, 13 Md. 329.

May 18, 1887.                                Affirmed.